UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER BECHLEM, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | No.  3:08-CV-155 RLM<br>(related case: 3:06-CR-93 RM) |

## OPINION AND ORDER

Petitioner Christopher Bechlem pleaded guilty on December 8, 2006, to Counts 2 and 3 of the indictment charging Mr. Bechlem with possession of a short-barreled shotgun and possession of a firearm with an obliterated serial number, 26 U.S.C. §§ 5845, 5861(d), and 5861(h). The plea agreement contained a provision under which Mr. Bechlem waived his rights to appeal his conviction and sentence on any ground, or to contest his conviction or sentence in any post-conviction proceeding. On May 10, 2007, the court sentenced Mr. Bechlem to 46 months imprisonment and 2 years of supervised release. Mr. Bechlem filed no direct appeal.

Now before the court is Mr. Bechlem's March 28, 2008 motion pursuant to 18 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence [Doc. No. 25].

Mr. Bechlem argues that his counsel was ineffective, not in negotiating his plea, but for failing to object to juvenile offenses that were counted in calculating his criminal history and resulted in a longer sentence of imprisonment. The

proceedings at the December 8, 2006 change of plea hearing were under oath and complied with the demands of FED. R. CRIM. P. 11. Mr. Bechlem entered into his plea with a written plea agreement and voluntarily and knowingly agreed to the waivers contained in that agreement. That agreement, and the waivers contained in it, are valid. *See* United States v. Lockwood, 416 F.3d 604, 607-608 (7th Cir. 2005); Jones v. United States, 167 F.3d 1142 (7th Cir. 1999); United States v. Woolley, 123 F.3d 627, 632-34 (7th Cir. 1997).

Mr. Bechlem also waived his right to challenge his conviction and sentence by not bringing a direct appeal and by failing to show adequate cause and prejudice to excuse his failure to do so. *See* United States v. Frady, 456 U.S. 152, 167-168 (1982); *see also* United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984).

Aside from any waivers, Mr. Bechlem's 46-month term of imprisonment was a sentence within the guideline range that was appropriate and reasonable under the factors listed 18 U.S.C. 3553(a), and his arguments challenging his conviction and sentence are unsupported.

For these reasons, the court DENIES Christopher Bechlem's March 28 motion pursuant to 18 U.S.C. § 2255 [Doc. No. 25].

SO ORDERED.

ENTERED:   April 1, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court